PROB 12B
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

### Petition to Modify the Condition or Term of Supervision
*(Probation Form 49 Waiver of Hearing on the Modification is attached)*

Name of Offender: Tasha Andrea Smith  Case Number: 3:12-00137-04

Name of Sentencing Judicial Officer: Honorable Kevin H. Sharp, Chief U.S. District Judge

Date of Original Sentence: July 8, 2013

Original Offense: 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute and Distribution of Oxycodone

Original Sentence: 15 months' custody and three years' supervised release

Type of Supervision: Supervised release    Date Supervision Commenced: October 10, 2014

Assistant U.S. Attorney: Brent Hannafan    Defense Attorney: Michael Joseph Flanagan

## PETITIONING THE COURT

■ To modify the release conditions as follows:

**The defendant shall reside in a halfway house approved by the Bureau of Prisons for a period of no less than 180 days, but up to one year as directed by the probation office in order to save for and establish a suitable personal residence.**

THE COURT ORDERS:
☐ No Action
☐ The extension of supervision as noted above.
☒ The modification(s) as noted above.
☐ Other

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this 18th day of November, 2014, and made a part of the records in the above case.

Kevin H. Sharp
Chief U.S. District Judge

Abigail J. Dillingham
U.S. Probation Officer

Place   Nashville, Tennessee

Date    November 17, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.   Nature of Noncompliance**

1. **The defendant shall refrain from any unlawful use of a controlled substance.**

    On October 24, 2014, Ms. Smith submitted a urine sample which tested positive for Oxycodone. The offender admitted to using a Percocet, not prescribed to her, on October 20, 2014, for pain; however, Ms. Smith does not have a prescription for Percocet at this time.

    On November 10, 2014, the offender submitted a urine sample which tested positive for Oxymorphone and Buprenorphine. Ms. Smith admitted to using a Percocet on November 9, 2014, for pain, but she does not have a prescription for Percocet at this time. The offender denied use of Buprenorphine, but the result has been confirmed by the lab.

2. **The defendant shall notify the probation officer at least ten days prior to any change in residence of employment.**

    On October 17, 2014, a home contact was made at offender's last known address at the Nashville Rescue Mission. Staff reported that Ms. Smith had not stayed at the residence since October 10, 2014. A subsequent home contact was attempted at the Nashville Rescue Mission on October 22, 2014, and staff again reported that Ms. Smith had not been there since October 10, 2014. She did not notify this officer prior to changing residences.

3. **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

    On October 20, 2014, Ms. Smith reported she had been "temporarily" residing at Herbert and Melissa Ashford's residence. Mrs. Ashford has a felony criminal record, which includes a prior possession of controlled substance charge. On October 24, 2014, a community contact was conducted at the Ashford's residence, and Ms. Smith was found to be at the home. The offender did not have permission to associate with Melissa Ashford.

4. **The defendant shall participate in a mental health program as directed by the Probation Officer. The defendant shall pay all or part of the cost for mental health treatment if the Probation Officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**

    On October 27, 2014, a referral was made for Ms. Smith to participate in a substance abuse and mental health assessment at Centerstone Mental Health. On November 10, 2014, Ms. Smith was advised that her intake assessment was scheduled for November 13, 2014. The offender failed to report for her substance abuse and mental health intake assessment at Centerstone.

**Compliance with Supervision Conditions and Prior Interventions:**
Tasha Smith began her term of supervised release on October 10, 2014, and is due to terminate supervision on October 9, 2017. She is currently unemployed, does not have a stable, permanent residence, and she does not have reliable transportation.

On November 10, 2014, a waiver of hearing form to modify the conditions of Ms. Smith's supervised release was thoroughly explained to her, and she stated she understood her rights to representation by counsel and to a hearing. Ms. Smith voluntarily signed the waiver to modify the conditions of her supervised release.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that Ms. Smith's special conditions be modified as indicated in this petition so she can reside in an environment free of drug use, establish employment, and be closer to treatment facilities. The U.S. Attorney's Office has been advised of the offender's noncompliance and the probation officer's recommendation for modification of the release conditions.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# MIDDLE DISTRICT OF TENNESSEE

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall reside in a halfway house approved by the Bureau of Prisons for a period of no less than 180 days, but up to one year as directed by the probation office in order to save for and establish a suitable personal residence.

Witness: *[signature]*   Signed: *[signature]*
Tasha Andrea Smith
Probationer or Supervised Releasee

November 10, 2014
Date